UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 3:15-CR-000055-PLR-HGB |
| ) | |
| ) | JUDGES REEVES/GUYTON |
| WILLIAM DALE ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d)(1) and 28 U.S.C. § 1651, the United States of America ("United States"), the defendant, William Dale, and defendant's attorney, Norman D. McKellar ("defense counsel"), hereby stipulate to the following, and the Court therefore orders:

1. The United States shall provide defense counsel a copy of its discovery materials, including any third-party taxpayer returns or return information, as defined in Title 26, United States Code, Section 6103(b) (hereinafter "taxpayer information"), that may be contained therein.

2. Defense counsel and his office staff ("the defense") and the defendant shall maintain the taxpayer information, including any copies thereof, as follows:

    (a) The defense and the defendant shall use the taxpayer information solely and exclusively in connection with this case (including investigation, trial preparation, trial, and appeal), and not for any other purpose.

(b)     Copies of the taxpayer information shall be maintained by defense counsel at his law office in a secure manner such that such copies are not readily accessible by anyone other than the defense.

(c)     A copy of this protective order shall be kept with the copies of the taxpayer information at all times.

(d)     The only people who may view the taxpayer information are the defense, the defendant, any experts designated by the defense and any non-expert witnesses deemed necessary by the defense for the purpose of this case. The defendant and other non-expert witnesses may access and view the taxpayer information solely in the presence of defense counsel and under the direct supervision and control of defense counsel. The defendants may take notes regarding the taxpayer information only at defense counsel's office and may not take those notes or copies of those notes away from defense counsel's office. Non-expert witnesses may not take notes regarding the taxpayer information.

(e)     In no event shall the defense or the defendant disclose or describe any of the third-party taxpayer information to any other person or entity other than the United States or this Court. Should the defense or the defendant need to disclose or describe any of the third-party taxpayer information to this Court, such disclosures or descriptions shall be done under seal. Should the defense or defendant need to disclose or describe any of the third-party taxpayer information to any other court or

2

during any other legal proceedings, such disclosure or descriptions shall be done only with notice to the United States and after gaining permission from this Court.

3. The defense and the defendant may describe or provide copies of the taxpayer information to any expert retained by them, whether testifying or non-testifying, only under the following conditions:

(a) The expert must sign a copy of this Order, and by doing so, agree to maintain the taxpayer information in accordance with the above procedures as if they were members of the defense, and solely for the purposes of assisting the defense in this case, and not for any commercial or other purpose.

(b) The procedures outlined above shall govern any expert's use, maintenance, disclosure, and safekeeping of taxpayer information, except that such expert(s) may maintain the taxpayer information at their offices, but only under the same secure conditions provided above.

4. Defense counsel shall keep an up-to-date list of all counsel, staff, experts, and potential witnesses who have accessed this information or had it described to them.

5. Defense counsel shall promptly notify the United States and this Court if any taxpayer information is disclosed to anyone not designated by this Order or further order of the Court, either intentionally or unintentionally. The defendant and any defense experts shall promptly notify defense counsel of any such disclosures.

6. After final judgment of this action or an appeal from any judgment entered in this action is exhausted, and unless the parties agree otherwise, any person to whom the discovery material has been disclosed pursuant to this Order shall, within 30 days of receipt of a written request from the Unites States or the defense:

(a) assemble and make available for return of all materials and documents produced or revealed containing any taxpayer information produced by the United States in accordance with this Stipulated Protective Order, as well as copies thereof, and keep confidential, in accordance with this stipulation, every portion of other materials, memoranda, or documents purporting to reproduce or paraphrase the taxpayer information produced or revealed; or

(b) destroy all materials and documents produced or revealed containing any taxpayer information, including, but not limited to, every portion of other materials, memoranda or documents purporting to reproduce or paraphrase any taxpayer information; and keep such materials confidential, in accordance with this stipulation, and

(c) disclose the identity of any person to whom disclosure of any taxpayer information was made, and

(d) certify in writing that the above-listed procedures have been followed and completed.

7. Nothing contained in this Stipulated Protective Order shall preclude any party from applying to the Court for further relief or modification of any provision hereof.

SUBMITTED BY:

WILLIAM C. KILLIAN
United States Attorney

By: _____ Dated: 4/27/2015
Frank M. Dale, Jr.
Assistant U.S. Attorney

_____ Dated: 4-27-15
William Dale
Defendant

_____ Dated: 4-27-15
Norman D. McKellar
Counsel for William Dale

IT IS SO ORDERED.

_____ Dated: 4-29-15
H. Bruce Guyton
U.S. Magistrate Judge

5